UNITED STATES DISTRICY COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY<br>Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC.<br>Defendant. | : | |

**DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT**

**FACTS COMMON TO ALL COUNTS**

1. Defendant neither admits or denies the allegations set forth in paragraph one of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof.

2. Defendant neither admits or denies the allegations set forth in paragraph two of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof.

3. Defendant neither admits or denies the allegations set forth in paragraph three of Plaintiffs' Complaint and therefore leaves Plaintiff to their proof.

4. Defendant neither admits or denies the allegations set forth in paragraph four of Plaintiffs' Complaint and therefore leaves Plaintiffs to their proof.

5. Defendant neither admits nor denies the allegations set forth in paragraph five of Plaintiffs' Complaint and therefore leave Plaintiff to their proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

6. Defendant neither admits nor denies the allegations set forth in paragraph six of Plaintiffs' Complaint and therefore leave Plaintiff to their proof. To the extent that

2

the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

7. Defendant neither admits or denies the allegations set forth in paragraph seven of Plaintiffs' Complaint and therefore leaves Plaintiff to their proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

**JURISDICTION**

8. Defendant neither admits nor denies the allegations set forth in paragraph eight of Plaintiffs' Complaint and therefore leave Plaintiff to their proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

9. Defendant neither admits nor denies the allegations set forth in paragraph nine of Plaintiffs' Complaint and therefore leave Plaintiff to their proof. To the extent that the allegations contained in this paragraph are interpreted to allege liability on the part of Defendant, they are denied.

**COUNT I**
**NEGLIGENCE – PERSONAL INJURY**

10. Denied.

11. Denied.

**COUNT II**
**NEGLIGENCE - CONSORTIUM**

12. Defendant hereby re-alleges and reincorporates paragraphs one through twelve of Defendant's Answer as set forth fully herein.

13. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' negligence contributed to the incident referenced in Plaintiffs' Complaint, and as such, any recovery by Plaintiffs should be reduced by Plaintiffs' comparative negligence.

**SECOND AFFIRMATIVE DEFENSE**

Defendant pleads the affirmative defense of Assumption of the Risk.

**THIRD AFFIRMATIVE DEFENSE**

The negligence of Plaintiffs contributed to the injuries claimed in the Complaint and their negligence should reduce any recovery pursuant to R.I.G.L.§9-20-4.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred in whole or in part by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiffs have failed to give proper notice as required by Rhode Island Law.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant denies any breach of duty legally owed to plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant denies that they were negligent.

**EIGHTH AFFIRMATIVE DEFENSE**

The damages and injuries alleged by Plaintiffs in Plaintiffs' Complaint were caused by a third party for whom Defendant are not legally responsible.

**NINTH AFFIRMATIVE DEFENSE**

There has been misnomer of Defendant.

**TENTH AFFIRMATIVE DEFENSE**

Defendant denies that any act or omission on their part was the proximate cause of any damage to plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**TWELVTH AFFIRMATIVE DEFENSE**

By way of affirmative defense, the Defendant say that the Plaintiff is not entitled to recover because of their failure to mitigate damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendant are barred in whole or in part by the doctrine of laches.

WHEREFORE, Defendant prays that this Court:

A. Enter judgment for Defendant and against Plaintiffs;

B. Award Defendant costs, expenses and attorneys' fees; and

C. Grant such further relief as this Court may deem just and proper.

**DEFENDANT HEREBY DEMANDS A JURY TRIAL AS TO ALL ISSUES**

DEFENDANT

By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esquire #5023
55 Cedar Street, Suite 102
Providence, Rhode Island 02903
(401) 621-8000
Fax (401) 621-8001

**CERTIFICATION**

William J. Gately, Jr., Esquire
260 West Exchange Street, Suite 208
Providence, Rhode Island 02903

I hereby certify that on the 5th day of April 2005, a true copy of the within *Defendant's Answer to Plaintiffs' Complaint* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

Stephanie Hayman