UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC. Defendant. | : | |

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED BY SUBPOENA**

Now comes your defendant, Overhead Door Co. of Providence, Inc., pursuant to Rule 45 (c) (2) (b) of the Federal Rules of Civil Procedure and moves for an order of this Honorable Court compelling the Beacon Mutual Insurance Company to produce all records requested by subpoena. In support of its motion, Defendant states as follows:

1. On or about August 17, 2005, the defendant issued and served a subpoena and a notice to conduct the deposition of the record keeper of Beacon Mutual. Said subpoena was returnable on September 19, 2005, at 2:00 p.m. The notice of deposition was scheduled for the same date and time.

2. That the defendant placed the plaintiffs on notice of the issuance of the subject subpoena and notice of deposition.

3. The plaintiffs did not object to this subpoena. Plaintiffs' counsel stated at the September 15, 2005 conference held before Magistrate Judge Lovegreen that the plaintiffs had no objection to the production of the Beacon claim file in response to the subpoena and that the plaintiff would provide a release to Beacon.

4. The Beacon Mutual Insurance Company, by and through Ms. Melissa Gazerro, Subrogation Adjuster, stated that the Beacon objects to the subpoena and will not respond to the subpoena without a release signed by the plaintiff.

5. At the Mandatory Settlement Conference before the Court on September 15, 2005, Magistrate Judge Lovegreen stated that the subpoena should be complied with and that there appears to be no confidentiality issue to support any objection to the subpoena. Magistrate Judge Lovegreen suggested that defense counsel contact the Beacon in an attempt to resolve this issue to further discovery in this matter and to avoid unnecessary Court action.

6. Following the Settlement Conference, counsel for the defendant contacted Ms. Gazerro and reported what had occurred at the settlement conference. Nevertheless, Ms. Gazerro stated that records would not be produced in response to the subpoena in the absence of a release from the plaintiff. Counsel for defendant forwarded the attached correspondence to plaintiffs' counsel and to Ms. Gazerro (marked hereto and attached as exhibit "A") seeking a release from Plaintiff's counsel and Beacon's compliance with the subpoena.

7. The records sought under subpoena are not confidential. The plaintiffs have placed their physical and mental conditions into issue in the prior Workers' Compensation claim and in the matter pending before this Court. In addition, the claim file contains documents other than medical records that would not be considered "confidential." However, it appears that the Beacon is simply speciously relying upon a blanket claim of confidentiality in order to disregard the subpoena.

8. The Beacon Mutual Insurance Company has failed to comply with the subpoena and has not produced documents as requested nor has the Beacon filed a motion with this Court to excuse their compliance with the subpoena.

9. The records sought are essential to the defense of this matter.

10. The plaintiff has not provided a release to Beacon related to the subpoena. Instead, Plaintiffs' counsel stated, in correspondence dated September 16, 2005, that he has provided a "letter" to Beacon authorizing the release of the Workers' Compensation file.

11. The Beacon has not responded to the subpoena in response to the plaintiffs' letter.

12. On September 15, 2005, Plaintiffs' counsel forwarded the plaintiffs' first response to the defendant's outstanding request for production of documents issued on April 5, 2005. Said discovery was subject to an Order of this Court dated August 17, 2005, requiring Plaintiffs' discovery responses on or before August 29, 2005. In the plaintiff's document response, several objections were raised and several responses indicated that responsive material would be furnished in the future, upon receipt of Plaintiffs' counsel. (Including the Workers' Compensation file.)

13. On September 16, 2005, Plaintiffs' counsel supplemented Plaintiff's response to production and forwarded what is described as a "copy" of the Workers' Compensation file. Those documents reveal that that those records were produced by Beacon and submitted to Plaintiffs' counsel on August 31, 2005.

14. Beacon has not complied with the subpoena.

15. With the plaintiffs' incomplete discovery responses, the lack of the timely production of the Workers' Compensation file material and Beacon's failure to comply with the outstanding subpoena, the defendant has not been in a position to conduct further discovery in this case, including the conduct of the plaintiffs' depositions or to determine if a physical examination of the plaintiff is required.

16. Discovery in this matter is scheduled to be concluded on November 30, 2005.

**WHEREFORE**, the Defendant seeks an order from the Court compelling the Beacon Mutual Insurance Company to produce all records requested by subpoena. If necessary, the defendant also seeks an order of this Court to compel the plaintiff to provide a release to Beacon. Defendant seeks a two (2) day order for compliance, along with costs, attorney's fees and other such relief that this Court deems appropriate.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

Ms. Melissa Gazerro
The Beacon Mutual Insurance Company
One Beacon Centre
Warwick, RI 02886

I hereby certify that on the 20th day of September 2005, a true copy of the within *Motion* was forwarded to the above-listed attorney(s) and party *via* first class mail, postage prepaid.

Stephanie Hayman

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC. Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED BY SUBPOENA**

The Defendant, Overhead Door Co. of Providence, Inc., pursuant to Rule 45 (c) (2) (b) of the Federal Rules of Civil Procedure and moves for an order of this Honorable Court compelling the Beacon Mutual Insurance Company to produce all records requested by subpoena.

This matter arises out of an action for personal injury brought by the plaintiffs in connection with a work place accident that occurred on or about November 27, 2002. At the time of the accident, Viti Inc., of Tiverton, Rhode Island, employed the plaintiff. On that date the plaintiff alleges that while in the course of his work duties he slipped and fell. The plaintiff claims that he suffered injuries to his back.

The plaintiff claims that he is disabled and further claims that his medical bills, associated with this injury, total $16,377.57. The plaintiff further asserts that the Workers' Compensation lien held by the Beacon Mutual totals $72,261.37. That lien is expected to increase to $117,261.36, following the approval of a pending settlement of the Workers' Compensation claim.

At the settlement conference recently conducted in this case, Plaintiffs' counsel made no demand. However plaintiffs' counsel stated that the Plaintiff views this slip and fall case as a case of 100% liability, with a value of over One Million Dollars.

Upon information and belief, the plaintiff has collected Workers' Compensation benefits from the Beacon since the date of the subject accident and may have been examined by doctors retained by the Workers' Compensation insurer. The Workers' Compensation records sought under subpoena are essential to the defense of this matter.

The issuance of the defendant's subpoena to Beacon was discussed with the Court at the Pre-Trial Conference held before the Court on May 19, 2005. On that date, Plaintiffs' counsel indicated to the Court, and counsel for the defendant, that the plaintiffs had no objection to the issuance of a subpoena to Beacon. Further, Plaintiffs' counsel stated that the plaintiff would issue a release to Beacon for compliance with a subpoena.

On May 25, 2005 counsel for the defendant forwarded correspondence to the plaintiffs' counsel confirming that plaintiffs' counsel would supply a release to obtain records from the Beacon under subpoena. Plaintiffs' counsel has not provided a release for these records.

On or about August 17, 2005, the defendant issued and served a subpoena and a notice to conduct the deposition of the record keeper of Beacon Mutual. Said subpoena was returnable on September 19, 2005, at 2:00 p.m. The defendant placed the plaintiffs on notice of the issuance of the subject subpoena and notice of deposition.

The Beacon Mutual Insurance Company, by and through Ms. Melissa Gazerro, Subrogation Adjuster, in correspondence, stated that the Beacon objected to the

subpoena and would not respond to the subpoena without a release signed by the plaintiff or a Court order. The Beacon did not file an objection to the subpoena nor did the Beacon file a motion with the Court with respect to any objection they had with respect to the subpoena. Ms. Gazerro stated that in the absence of a release from the plaintiff, the defendant was required to obtain a Court order.

The plaintiffs did not file an objection to the subpoena. Moreover, Plaintiffs' counsel stated at the September 15, 2005, conference held before Magistrate Judge Lovegreen that the plaintiffs had no objection to the production of the Beacon claim file and that the plaintiff would provide a release to Beacon.

At the Mandatory Settlement Conference before the Court on September 15, 2005, Magistrate Judge Lovegreen stated that the subpoena should be complied with and that there appeared to be no confidentiality issue to support any objection to the subpoena. Magistrate Judge Lovegreen suggested that defense counsel contact the Beacon in an attempt to resolve this issue to further discovery in this matter and to avoid unnecessary Court action.

Following the Settlement Conference, counsel for the defendant contacted Ms. Gazerro at Beacon. Ms. Gazerro stated that records would not be produced in the absence of a release. Counsel for defendant forwarded the attached correspondence to plaintiffs' counsel and to Ms. Gazerro, (marked hereto and attached as exhibit "A") seeking a release from Plaintiff's counsel and Beacon's compliance with the subpoena.

Upon information and belief, the plaintiffs have not supplied a release to Beacon. However, Plaintiffs' counsel stated, in correspondence dated September 16, 2005, that he has provided a "letter" to Beacon authorizing the release of the Workers' Compensation

file. The plaintiffs' did not produce a copy of that correspondence to Beacon to the defendant.

The plaintiffs have also failed to fully respond to the defendant's request for production of documents served on April 5, 2005, seeking, among other things, a copy of the Workers' Compensation file and the plaintiff's medical records and bills. On September 15, 2005, Plaintiffs' counsel forwarded the plaintiff, Paul Flannery's first response to the defendant's outstanding request for production of documents.

Plaintiffs' discovery was subject to an Order of this Court dated August 17, 2005, requiring Plaintiffs' discovery responses on or before August 29, 2005. However, in the response of September 15, 2005, several objections were raised and several responses indicated that responsive material would be furnished upon receipt of Plaintiffs' counsel. In the September 15, 2005 response, Plaintiff indicated that the Workers' Compensation file was recently received and would be produced as soon as it was copied.

On September 16, 2005, Plaintiffs' counsel supplemented Plaintiff's response to production and forwarded what is described as a "copy" of the Workers' Compensation file. From that material, it appears that records from Beacon were produced by Beacon and received by Plaintiffs' counsel on August 31, 2005.

The Beacon Mutual Insurance Company has failed to comply with the subpoena. The Beacon has not produced any documents as requested nor has the Beacon filed a motion with this Court to excuse their compliance with the subpoena.

The defendant maintains that they are entitled to full compliance with the subpoena issued to Beacon in this case and for a full response from Beacon. Apparently, the plaintiffs' counsel had been in possession of records received from Beacon since

August 31, 2005. However, no records were produced to the defendant until September 16, 2005, (these records from plaintiff were mailed by plaintiffs' counsel on September 16, 2005 and received by the defendant on September 19, 2005.) *after* the scheduled Settlement Conference of September 15, 2005, held before Magistrate Judge Lovegreen.

The defendant seeks full compliance with the subpoena and receipt of all documents from Beacon and not through the plaintiffs' counsel. The defendant is entitled to review the documents from the source, without the possibility of having the records first reviewed by the plaintiff or his attorney prior to their production. The defendant's subpoena should not first be "filtered" by the plaintiff or subject to any further unnecessary delay.

With the plaintiffs' incomplete and tardy discovery responses (the plaintiff, Nancy Flannery has still not filed and served responses to the defendant's request for production of documents.) and the lack of the timely production of the Workers' Compensation file material, the defendant has not been in a position to conduct further discovery in this matter, including the conduct of plaintiffs' depositions (depositions of the plaintiffs were scheduled and rescheduled on several occasions while defendant waited for the plaintiffs' discovery responses) or to determine if a physical examination of the plaintiff is required. Discovery in this matter is scheduled to be concluded on November 30, 2005.

**WHEREFORE**, the Defendant seeks an order from the Court compelling the Beacon Mutual Insurance Company to produce all records requested by subpoena. If necessary, the defendant also seeks an order of this Court to compel the plaintiff to

provide a release to Beacon. Defendant seeks a two (2) day order for compliance, along with costs, attorney's fees and other such relief that this Court deems appropriate.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

Ms. Melissa Gazerro
The Beacon Mutual Insurance Company
One Beacon Centre
Warwick, RI 02886

I hereby certify that on the 20th day of September 2005, a true copy of the within *Memorandum of Law in Support of the Defendant's Motion to Compel* was forwarded to the above-listed attorney(s) and party *via* first class mail, postage prepaid.