FILED
SEP 21 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PAUL FLANNERY AND
NANCY FLANNERY
Plaintiffs,
v. : C.A. 05 049 ML

OVERHEAD DOOR CO. OF
PROVIDENCE, INC.
Defendant.

**DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS REQUESTED BY SUBPOENA**

Now comes your defendant, Overhead Door Co. of Providence, Inc., pursuant to Rule 45 (c) (2) (b) of the Federal Rules of Civil Procedure and moves for an order of this Honorable Court compelling the Beacon Mutual Insurance Company to produce all records requested by subpoena. In support of its motion, Defendant states as follows:

1. On or about August 17, 2005, the defendant issued and served a subpoena and a notice to conduct the deposition of the record keeper of Beacon Mutual. Said subpoena was returnable on September 19, 2005, at 2:00 p.m. The notice of deposition was scheduled for the same date and time.

2. That the defendant placed the plaintiffs on notice of the issuance of the subject subpoena and notice of deposition.

3. The plaintiffs did not object to this subpoena. Plaintiffs' counsel stated at the September 15, 2005 conference held before Magistrate Judge Lovegreen that the plaintiffs had no objection to the production of the Beacon claim file in response to the subpoena and that the plaintiff would provide a release to Beacon.

No objection having been timely filed pursuant to the Local Rules for the District of Rhode Island, the within motion is hereby granted.

Barbara Barletta
Deputy Clerk
Date: 10/7/05

4. The Beacon Mutual Insurance Company, by and through Ms. Melissa Gazerro, Subrogation Adjuster, stated that the Beacon objects to the subpoena and will not respond to the subpoena without a release signed by the plaintiff.

5. At the Mandatory Settlement Conference before the Court on September 15, 2005, Magistrate Judge Lovegreen stated that the subpoena should be complied with and that there appears to be no confidentiality issue to support any objection to the subpoena. Magistrate Judge Lovegreen suggested that defense counsel contact the Beacon in an attempt to resolve this issue to further discovery in this matter and to avoid unnecessary Court action.

6. Following the Settlement Conference, counsel for the defendant contacted Ms. Gazerro and reported what had occurred at the settlement conference. Nevertheless, Ms. Gazerro stated that records would not be produced in response to the subpoena in the absence of a release from the plaintiff. Counsel for defendant forwarded the attached correspondence to plaintiffs' counsel and to Ms. Gazerro (marked hereto and attached as exhibit "A") seeking a release from Plaintiff's counsel and Beacon's compliance with the subpoena.

7. The records sought under subpoena are not confidential. The plaintiffs have placed their physical and mental conditions into issue in the prior Workers' Compensation claim and in the matter pending before this Court. In addition, the claim file contains documents other than medical records that would not be considered "confidential." However, it appears that the Beacon is simply speciously relying upon a blanket claim of confidentiality in order to disregard the subpoena.

8. The Beacon Mutual Insurance Company has failed to comply with the subpoena and has not produced documents as requested nor has the Beacon filed a motion with this Court to excuse their compliance with the subpoena.

9. The records sought are essential to the defense of this matter.

10. The plaintiff has not provided a release to Beacon related to the subpoena. Instead, Plaintiffs' counsel stated, in correspondence dated September 16, 2005, that he has provided a "letter" to Beacon authorizing the release of the Workers' Compensation file.

11. The Beacon has not responded to the subpoena in response to the plaintiffs' letter.

12. On September 15, 2005, Plaintiffs' counsel forwarded the plaintiffs' first response to the defendant's outstanding request for production of documents issued on April 5, 2005. Said discovery was subject to an Order of this Court dated August 17, 2005, requiring Plaintiffs' discovery responses on or before August 29, 2005. In the plaintiff's document response, several objections were raised and several responses indicated that responsive material would be furnished in the future, upon receipt of Plaintiffs' counsel. (Including the Workers' Compensation file.)

13. On September 16, 2005, Plaintiffs' counsel supplemented Plaintiff's response to production and forwarded what is described as a "copy" of the Workers' Compensation file. Those documents reveal that that those records were produced by Beacon and submitted to Plaintiffs' counsel on August 31, 2005.

14. Beacon has not complied with the subpoena.

15. With the plaintiffs' incomplete discovery responses, the lack of the timely production of the Workers' Compensation file material and Beacon's failure to comply with the outstanding subpoena, the defendant has not been in a position to conduct further discovery in this case, including the conduct of the plaintiffs' depositions or to determine if a physical examination of the plaintiff is required.

16. Discovery in this matter is scheduled to be concluded on November 30, 2005.

**WHEREFORE**, the Defendant seeks an order from the Court compelling the Beacon Mutual Insurance Company to produce all records requested by subpoena. If necessary, the defendant also seeks an order of this Court to compel the plaintiff to provide a release to Beacon. Defendant seeks a two (2) day order for compliance, along with costs, attorney's fees and other such relief that this Court deems appropriate.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

Ms. Melissa Gazerro
The Beacon Mutual Insurance Company
One Beacon Centre
Warwick, RI 02886

I hereby certify that on the 20th day of September 2005, a true copy of the within *Motion* was forwarded to the above-listed attorney(s) and party *via* first class mail, postage prepaid.

Stephanie Hayman