UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PAUL FLANNERY AND :
NANCY FLANNERY :
   Plaintiffs, :
v. :   C.A. 05 049 ML
 :
OVERHEAD DOOR CO. OF :
PROVIDENCE, INC. :
   Defendant. :

### SUBPOENA DUCES TECUM

To: Keeper of Records
   David DiSanto, M.D.
   2464 Pawtucket Avenue
   East Providence, Rhode Island 02914

  **GREETINGS**: YOU ARE HEREBY COMMANDED in the name of the State of Rhode Island and Providence Plantations in accordance with the provisions of Rule 45 of the Rhode Island Rules of Civil Procedure to appear and testify on behalf of Defendants before a Notary Public of the State of Rhode Island and Providence Plantations on the **20th day of December, 2005 at 2:00 p.m.** at the offices of **Carrara Dayian P.C., 55 Cedar Street, Suite 102, Providence, Rhode Island** and to testify as to your knowledge at the taking of the deposition in the above-entitled action.

  Please provide the documents listed on the attached Schedule A. *Documents may be sent certified mail, return receipt requested in a separate sealed envelope with a notarized affidavit (see attached) in lieu of a personal appearance by the Keeper of Records.*

  Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed contempt of the court in which the action is pending.

Defendants, By Its Attorneys,

_____
Daryl E. Dayian, Esquire #5023
Carrara Dayian P.C.
55 Cedar Street, Suite 102
Providence, Rhode Island 02903-7115
Telephone (401) 621-8000
Facsimile (401) 621-8001

Notary Public: _Suzanne M. Rogus_
Print Name: SUZANNE M. Rogus
My Comm. Exp.: 8/13/06

Dated: 11-23-05

_____, SS.        Date of Service: __11/28/05 AT 11:01 A.M__

### RETURN OF SERVICE

I served this subpoena on the within named Keeper of Records, __MAHA JANIK__, by delivering a copy to h__er__ and tendering to h__er__ $__40.00__ as fees for one day's attendance and mileage.

_____
Constable

Subscribed and sworn to before me this __29th__ day of __November__, 20__05__.

_____
Notary Public

My Commission: __8/13/06__

## SCHEDULE A

A certified copy of the entire medical history, including, but not limited to, all records, summaries, reports, copies of correspondence, test results, questionnaires, bills, personal histories, medical histories, duplicate original copies of all x-rays and other radiographs, regarding any treatment or consultation concerning any and all care and treatment rendered to and/or the medical condition of **Paul Flannery (social security no. ███████); date of birth: ███████).**

*Protection of Persons Subject to Subpoenas*

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) Fails to allow reasonable time for compliance;
      (ii) Requires disclosure of privileged or other protected matter and no exception or waiver applies, or
      (iii) Subjects a person to undue burden.

(B) If a subpoena
      (i) Requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) Requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) *Duties in Responding to Subpoena.*

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# **AFFIDAVIT**

The original records were made in the regular course of a regularly conducted business, and it was the regular course of this office to make such records at or near the time of the matter recorded.

This certification is also given pursuant to Rhode Island General Laws by the custodian of the records in lieu of a personal appearance at the taking of a deposition.

Such copies are separately enclosed and sealed in a separate envelope or wrapper.

In re: **Paul Flannery**

Date of Birth: ███████

SOCIAL SECURITY NO: ███████

_____
Records Keeper of David DiSanto, M.D.


STATE OF RHODE ISLAND
COUNTY OF _____

SUBSCRIBED AND SWORN to before me this \_\_\_\_ day of _____, 2005.

_____
Notary Public
My Commission Expires: _____

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL FLANNERY AND<br>NANCY FLANNERY<br>        Plaintiffs,<br>v.<br><br>OVERHEAD DOOR CO. OF<br>PROVIDENCE, INC.<br>        Defendant. | :<br>:<br>:<br>:    C.A. 05 049 ML<br>:<br>:<br>:<br>: |

## NOTICE TO TAKE DEPOSITION

Please take notice that pursuant to Super.R.Civ.P. 30, the testimony upon oral examination of **Keeper of Records of David DiSanto, M.D.** will be taken for the purpose of discovery, or for use as evidence at trial, or both, before a notary public, or before another person authorized to administer oaths, at the law offices of **Carrara Dayian P.C., 55 Cedar Street, Suite 102, Providence, Rhode Island**, on the **20th day of December, 2005 at 2:00 p.m.**

Said examination will continue from day to day until completed and is being taken on behalf of Defendant.

You are invited to cross-examine.

                          DEFENDANT
                          By its Attorneys,
                          Carrara Dayian P.C.

                          Daryl E. Dayian, Esquire #5023
                          55 Cedar Street, Suite 102
                          Providence, Rhode Island 02903
                          Tel (401) 621-8000
                          Fax (401) 621-8001

# **CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

Jamiel Court Reporting
429 Main Street
Warren, RI  02885

I hereby certify that on the 23rd day of November 2005, a true copy of the within *Defendant's Notice to Take Deposition* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

/s/ Stephanie Hayman