UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY<br>Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC.<br>Defendant. | : | |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OF ANY EVIDENCE AND/OR TESTIMONY REGARDING MEDICAL CHARGES, BILLS OR EXPERT TESTIMONY**

Now come the defendant in connection with the above-captioned matter and hereby moves for an order of the Court in limine to exclude and preclude the introduction of any evidence and/or testimony regarding medical evidence, medical charges or bills or expert testimony not fully disclosed or produced by the plaintiff in discovery.

In support of this motion, Defendant relies upon the attached Memorandum of Law, the discovery record, deposition testimony and any further argument Defendant may make at the hearing.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 31st day of March, 2006, a true copy of the within *Motion In Limine* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY<br>Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC.<br>Defendant. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO EXCLUDE THE INTRODUCTION OF ANY EVIDENCE AND/OR TESTIMONY REGARDING MEDICAL CHARGES, BILLS OR EXPERT TESTIMONY**

The Defendant, Overhead Door Co. of Providence, Inc., moves for an order of the Court in limine to exclude and preclude the introduction of any evidence and/or testimony regarding medical evidence, medical charges or bills or expert testimony not fully disclosed or produced by the plaintiff in discovery.

This matter arises out of an action for personal injury brought by the plaintiffs in connection with a workplace accident that occurred on or about November 27, 2002. At the time of the accident, Viti Inc., of Tiverton, Rhode Island, employed the plaintiff. On that date the plaintiff alleges that, while in the course of his work duties, he slipped and fell. The plaintiff claims that he suffered injuries to his back as well as a "psychological injury" rendering him "totally disabled."

Upon information and belief, the plaintiff has collected Workers' Compensation benefits from the Beacon Mutual Insurance Company since the date of the subject accident. It is expected that the plaintiff will assert that there is a Workers' Compensation lien held by the Beacon Mutual representing benefits paid for medical treatment, indemnity as well as a recent settlement that represented the plaintiff's right to

receive future benefits under the Rhode Island Workers' Compensation Act. To date, the defendant has never been served with a lien, or any medical bills, from the Beacon.

The plaintiffs have failed to fully respond to the defendant's request for production of documents served on April 5, 2005, seeking, among other things, a copy of the Workers' Compensation file as well as the plaintiff's medical records and bills associated with the injuries that are the subject matter of the Complaint. Plaintiffs' discovery was subject to an Order of this Court dated August 17, 2005, requiring Plaintiffs' discovery responses on or before August 29, 2005. On September 15, 2005, Plaintiffs' counsel forwarded the plaintiff, Paul Flannery's first response to the defendant's request for production of documents.

The plaintiff's response to the request seeking the production of the plaintiff's medical bills included four invoices from the Southeast Rehabilitation Associates, for dates of service from April 25, 2003 to September 19, 2003. The balance of the plaintiff's response indicated that, "[O]ther documents will be produced upon receipt by plaintiff's counsel." In the September 15, 2005 response, Plaintiff indicated that the Workers' Compensation file was recently received by the plaintiff and would be produced as soon as it was copied.

On September 16, 2005, Plaintiffs' counsel supplemented Plaintiff's response to production and forwarded what is described as a "copy" of the Workers' Compensation file. From that material, it appeared that records from Beacon were produced by Beacon and received by Plaintiffs' counsel on August 31, 2005. The Beacon records produced by the plaintiff do not include *any* medical bills for medical treatment that was related to the

accident. Since that time, the plaintiff has not produced any other medical bills or evidence of medical charges.

On or about August 17, 2005, the defendant served a subpoena and a notice to conduct the deposition of the record keeper of Beacon Mutual. The Beacon Mutual Insurance Company initially refused to comply with the subpoena. Beacon did not file an objection to the subpoena nor did the Beacon file a motion with the Court with respect to any objection they had with respect to the subpoena.

Following the Mandatory Settlement Conference before Magistrate Judge Lovegreen held on September 15, 2005, counsel for the defendant again attempted to obtain the requested information from Beacon. Nevertheless, Beacon did not produce documents as requested necessitating the filing of a motion with this Court.

A Beacon representative finally appeared at a deposition of the their designated record keeper on December 8, 2005, and produced records in response to the subpoena. The file material ultimately received from Beacon did not contain medical bills.

The defendant also inquired with respect to medical expenses in Interrogatory No. 16. In his Answer filed on August 1, 2005, the plaintiff stated that he was awaiting documentation from the Workers' Compensation carrier concerning the extent of payments for medical expenses.

Therefore, the plaintiff should be precluded from introducing any evidence and/or testimony regarding medical evidence, medical charges or bills, including the appearance of any undisclosed record keepers who may now be subpoenaed by the plaintiff to appear at trial that were not previously produced or disclosed through discovery.

Additionally, the plaintiff filed his expert disclosures on December 30, 2005, the date of the plaintiff's deadline for filing such disclosures. At that time, the plaintiff disclosed Wayne G. Tessier, Ph.D., as an expert witness. However, the plaintiff did not fully provide the required information. Specifically, the plaintiff indicated that Wayne G. Tessier, Ph.D.'s Curriculum Vitae, including a list of publications, information regarding the witness's compensation to be paid for his testimony and a listing of any other cases in which he served as an expert would all be produced at a later date.

The plaintiff filed a supplemental disclosure dated January 3, 2006. However, a list of publications, information with respect to the witness's compensation to be paid for his testimony and a listing of any other cases in which he was an expert were not provided.

With the expert disclosure, the plaintiff produced records from Wayne G. Tessier, Ph.D., as well as correspondence dated January 3, 2006. In that letter Wayne G. Tessier, Ph.D., stated that he began his treatment of the plaintiff on July 28, 2004. However, in producing Wayne G. Tessier, Ph.D.'s reports in the expert disclosure, not through discovery, the plaintiff only produced records of treatment starting with a "follow-up visit" on November 15, 2004. No records were produced for any treatment or sessions from July 28, 2004 to November 15, 2004.

It should also be noted that, in the plaintiff's initial expert disclosure, it appears that another disclosed expert, Marc Whaley, M.D., apparently reviewed office notes from Wayne G. Tessier, Ph.D., dated May19, 2005. The plaintiff did not produce that report. Therefore, the Court should exclude any expert testimony from Wayne G.

Tessier, Ph.D. and Dr. Whaley as his opinion was based, at least in part, upon the undisclosed records from Wayne G. Tessier, Ph.D.

The plaintiff also disclosed that Parakrama M. Ananta, M.D., is expected to testify as an expert on the plaintiff's behalf. In the disclosures dated December 30, 2005, the plaintiff indicated that a listing of cases in which the Doctor had testified as an expert was requested and would be produced at a later date. No such material was ever produced.

In the absence of full and proper disclosure and responses to discovery the Court should exclude any expert testimony from Parakrama M. Ananta, M.D., Wayne G. Tessier, Ph.D., and Dr. Whaley, as well as any evidence and/or testimony regarding medical evidence, medical charges or bills not previously produced.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 31st day of March 2006, a true copy of the within *Memorandum of Law in Support of the Defendant's Motion in Limine* was forwarded to the above-listed attorney(s) and party *via* first class mail, postage prepaid.