RECEIVED
MAR 31 2006
Property of U.S. District Court
District of Rhode Island

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs

v.

OVERHEAD DOOR CO. OF PROVIDENCE, INC., Defendant

C.A. No. CA 05 049 ML

**PLAINTIFFS' MOTION IN LIMINE**
**(INVESTIGATIVE REPORTS AND SURVEILLANCE MATERIALS)**

Plaintiff Paul Flannery was deposed by counsel for the defendant on November 16, 2005 between the hours of 11:00 A.M. and 5:50 P.M. During that deposition questions were asked relating to the plaintiff's activities that likely become known to defendant's counsel through the services of an investigator conducting surveillance on Mr. Flannery.

On November 22, 2005, Plaintiffs' Request for Production of Documents to Defendant Overhead Door Co., of Providence, Inc. (Second Set) was served on defendant's counsel. A copy of that Request is attached hereto as Exhibit "1". The requests seek, inter alia, investigative reports relating to activity checks and background checks on Paul Flannery as well as photographic evidence including surveillance films taken of him by or on behalf the defendant. (See Request Nos. 1 - 4).

On November 28, 2005 the defendant Overhead Door served Defendant's Objections to Plaintiff, Paul Flannery's Second Request for Production of Documents, a copy of which is attached hereto as Exhibit "2". Therein, the defendant asserts, inter alia, that: "Under established Rhode Island case law, disclosure of such information is not required unless and until Defendant has had the opportunity to take plaintiff's deposition and further, that a decision has been made to use such material at trial."

Although the deposition of Paul Flannery was "suspended" by defendant's counsel on November 16, 2005, no attempt has been made to reconvene the deposition, and no further response has been received to the Plaintiffs' Request for Production of Documents to Defendant Overhead Door Co., of Providence, Inc. (Second Set) relating to

investigative and surveillance materials requested therein. On February 24, 2006, counsel for the plaintiff made supplementary request for the same information by letter, inquiring whether the defendant intended to use surveillance material at the trial of the case. A copy of that correspondence is attached as Exhibit "3". No response has been received to that request.

Under Rhode Island law, surveillance materials are clearly discoverable under certain circumstances. Both the existence or nonexistence of surveillance materials is discoverable. The same is true of the question whether they will be presented at trial. *Cabral v. Arruda,* 556 A.2d 47, 50-51 (1989). Where a plaintiff learns that surveillance materials are to be used at trial, nondisclosure constitutes a showing of undue hardship under Rule 26(b)(2). That showing makes the surveillance material discoverable, and the defendant's refusal to produce the material sought warrants the sanction of preclusion provided under Rule 37(c)(1) at this time on the eve of trial.

WHEREFORE the plaintiff moves this Honorable Court to preclude Overhead Door from introducing: (1) the testimony or record of any person who investigated the plaintiff, his family, friends, neighbors and associates, including but not limited to activity checks, background checks and interviews with witnesses concerning the plaintiffs activities or background before or since the accident and any evidence developed, obtained or related thereto; (2) any and all photographs, including but not limited to still shots, video tapes, moving pictures and surveillance films, both edited and unedited, taken of the Plaintiff, his family, friends, neighbors and associates, taken by or on behalf of the Defendant before or since the accident and any evidence developed, obtained or related thereto.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

Charles A. Murray

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: March 31, 2006