UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

PAUL FLANNERY AND NANCY FLANNERY,
Plaintiffs

v.

OVERHEAD DOOR CO. OF PROVIDENCE, INC.,
Defendant

C.A. No. CA 05 049 ML

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT OVERHEAD DOOR CO. OF PROVIDENCE, INC. (SECOND SET)**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the above named party is hereby requested to produce or permit inspection, copying and photographing of all documents and tangible things in the possession, custody or control of the named party as hereinafter described.

The documents and things are to be produced at the Law Offices of CHARLES A. MURRAY, P.C., 700 Pleasant Street, New Bedford, MA 02740 on the 30th day after service of this Request, except that compliance with this Request may be made by mailing copies of said documents within the time allowed under the applicable Rules of Civil Procedure.

"Document" shall mean the original, all non-identical copies and all drafts of any book, pamphlet, letter or other form of correspondence, telegram, telex, cable, e-mail, report, study, memorandum, note, diary entries, telephone message, form, chart, drawing, agreement, contract, summary, financial record or other verbal, numerical or pictorial recording, whether printed, typed, handwritten, or drawn recorded on film or tape or within any data processing system, or recorded by any other means. If any document sought by these requests has been destroyed (and no copy exists), kindly identify the date of destruction, the person responsible for ordering destruction, and the purpose of destruction.

This request is to include all after-acquired documents of the type described.

If any request is objected to on the ground that it is privileged or otherwise not subject to discovery, or if any requested document is withheld for any other reason, kindly state as to each such document the following: (a) its date; (b) each author or addressor of the document; (c) each recipient or addressee of the document; (d) a brief

description of the document; (e) the last known location of each original, duplicate original or reproduction thereof, and the identity of the person in whose possession, custody or control it then was; and (f) the specific grounds or reasons asserted for withholding such document.

## DEFINITIONS

1. The "Defendant" when used herein shall mean the Defendant Overhead Door Co. of Providence, Inc.

2. The "Plaintiff" when used herein shall mean the Plaintiff, Paul Flannery.

## REQUESTS

1. Any and all investigatory reports concerning the Plaintiff, his family, friends, neighbors and associates, instituted by or on behalf of the Defendant, including but not limited to activity checks, background checks and interviews with witnesses concerning the Plaintiff's activities or background, from the date of the accident to date.

2. Any and all investigatory reports concerning the Plaintiff, his family, friends, neighbors and associates, instituted by or on behalf of the Defendant, including but not limited to activity checks, background checks and interviews with witnesses concerning the Plaintiff's activities or background, before the date of the accident to date.

3. Any and all photographs, including but not limited to still shots, video tapes, moving pictures and surveillance films, both edited and unedited, taken of the Plaintiff, his family, friends, neighbors and associates, taken by or on behalf of the Defendant from the date of the accident to date.

4. Any and all photographs, including but not limited to still shots, video tapes, moving pictures and surveillance films, both edited and unedited, taken of the plaintiff, his family, friends, neighbors and associates, taken by or on behalf of the Defendant before the date of the accident to date.

5. Any and all reports or records concerning medical examinations of the Plaintiff, or the analysis of medical records and reports concerning the Plaintiff, conducted by or performed by anyone on behalf of the Defendant.

6. Any and all medical records concerning treatment of the Plaintiff, either before or after the accident in question, which have been obtained by the Defendant by any means, including but not limited to depositions and subpoenas duces tecum and which have not previously been forwarded to Plaintiff's counsel.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: November 22, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that I have this date served a true copy of the attached document to the following counsel of record by: FIRST CLASS MAIL, POSTAGE PREPAID, as follows:

Daryl E. Dayian, Esq.
Carrara Dayian P.C.
55 Cedar Street, Suite 102
Providence, RI 02903

William J. Gately, Jr., Esq.
260 West Exchange Center, Room 208
Providence, RI 02903

Date: November 22, 2005

Charles A. Murray, III