Order

NOV 29 2005

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND<br>NANCY FLANNERY<br>Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF<br>PROVIDENCE, INC.<br>Defendant. | : | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF, PAUL FLANNERY'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

The defendant, Overhead Door Co. of Providence, Inc. by and through counsel hereby objects to the introduction and/or definitions provided with the plaintiff's Request for Production of Documents. The defendant states that responses will be submitted in accordance with the Rules of Civil Procedure and applicable case law.

**REQUEST NO. 1:** Any and all investigatory reports concerning the Plaintiff, his family, friends, neighbors and associates, instituted by or on behalf of the Defendant, including but not limited to activity checks, background checks and interviews with witnesses concerning the Plaintiffs activities or background, from the date of the accident to date.

***OBJECTION:*** ***The Defendant hereby objects to this Request to the extent that it seeks disclosure of information which is beyond the permissible scope of discovery. Specifically, Defendant objects to this Request to the extent that it would require the disclosure of information regarding surveillance of Plaintiff. Under established Rhode Island case law, disclosure of such information is not required unless and until Defendant has had the opportunity to take Plaintiff's deposition, and further, that a decision has been made to use such material at trial. Furthermore, this Request seeks information obtained and/or prepared in anticipation of litigation and in preparation for trial, as well as attorney work product.***

**REQUEST NO. 2:** Any and all investigatory reports concerning the Plaintiff, his family, friends, neighbors and associates, instituted by or on behalf of the Defendant, including but not limited to activity checks, background checks and interviews with witnesses concerning the Plaintiffs activities or background, before the date of the accident to date.

***OBJECTION:*** ***The Defendant hereby objects to this Request to the extent that it seeks disclosure of information which is beyond the permissible scope of discovery. Specifically, Defendant objects to this Request to the extent that it would require the disclosure of information regarding surveillance of Plaintiff. Under established Rhode Island case law, disclosure of such information is not required unless and until Defendant has had the opportunity to take Plaintiff's deposition, and further, that a decision has been made to use such material at trial. Furthermore, this Request seeks information obtained and/or prepared in anticipation of litigation and in preparation for trial, as well as attorney work product.***

**REQUEST NO. 3:** Any and all photographs, including but not limited to still shots, video tapes, moving pictures and surveillance films, both edited and unedited, taken of the Plaintiff, his family, friends, neighbors and associates, taken by or on behalf of the Defendant from the date of the accident to date.

***OBJECTION:*** ***The Defendant hereby objects to this Request to the extent that it seeks disclosure of information, which is beyond the permissible scope of discovery. Specifically, Defendant objects to this Request to the extent that it would require the disclosure of information regarding surveillance of Plaintiff. Under established Rhode Island case law, disclosure of such information is not required unless and until Defendant has had the opportunity to take Plaintiff's deposition, and further, that a decision has been made to use such material at trial.***

**REQUEST NO. 4:** Any and all photographs, including but not limited to still shots, video tapes, moving pictures and surveillance films, both edited and unedited, taken of the plaintiff, his family, friends, neighbors and associates, taken by or on behalf of the Defendant before the date of the accident to date.

***OBJECTION:*** ***The Defendant hereby objects to this Request to the extent that it seeks disclosure of information, which is beyond the permissible scope of discovery. Specifically, Defendant objects to this Request to the extent that it would require the disclosure of information regarding surveillance of Plaintiff. Under established Rhode Island case law, disclosure of such information is not required unless and until Defendant has had the opportunity to take Plaintiff's deposition, and further, that a decision has been made to use such material at trial.***

**REQUEST NO. 5:** Any and all reports or records concerning medical examinations of the Plaintiff, or the analysis of medical records and reports concerning the Plaintiff, conducted by or performed by anyone on behalf of the Defendant.

***OBJECTION:*** ***The Defendant hereby objects to this Request to the extent that it seeks disclosure of information which is beyond the permissible scope of discovery. The Request seeks information obtained and/or prepared in anticipation of litigation and in preparation for trial, as well as attorney work product. Without waving said objection, the Defendant states that, upon information and belief, the plaintiff's counsel is in possession of requested medical reports from Beacon. No Rule 35***

***examination has been conducted by the Defendant in this case. Any analysis or other requested material is protected by the attorney work product doctrine.***

**REQUEST NO. 6:** Any and all medical records concerning treatment of the Plaintiff, either before or after the accident in question, which have been obtained by the Defendant by any means, including but not limited to depositions and subpoenas duces tecum and which have not previously been forwarded to Plaintiffs counsel.

***OBJECTION:*** ***The Defendant hereby objects to this Request to the extent that it seeks disclosure of information which is beyond the permissible scope of discovery. Furthermore, the Request seeks information obtained and/or prepared in anticipation of litigation and in preparation for trial, as well as attorney work product. Without waiving said objection, the Defendant states that, upon information and belief, the medical reports requested are in the possession of plaintiff's counsel. The Defendant reserves their right to supplement this response.***

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 28th day of November 2005, a true copy of the within *Defendant's Response to Plaintiff's Second Request for Production of Documents* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

Stephani Heyman