UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC. Defendant. | : | |

**OBJECTION**

Now come the defendant in connection with the above-captioned matter and hereby objects to the plaintiff's motion in limine regarding evidence and medical records concerning 1985 accident.

In support of this motion, Defendant relies upon the attached Memorandum of Law, the discovery record, deposition testimony and any further argument Defendant may make at the hearing.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 6th day of April, 2006, a true copy of the within *Objection* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

Stephanie Hayman

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs, | : | |
| v. | : | C.A. 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC. Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO PLAINTIFF'S MOTION IN LIMINE REGARDING THE PLAINTIFF'S 1985 ACCIDENT**

Now come the defendant in connection with the above-captioned matter and hereby objects to the plaintiff's motion in limine regarding evidence and medical records concerning 1985 accident. In support of this motion, Defendant relies upon this Memorandum, the discovery record, deposition testimony and any further argument Defendant may make at the hearing.

On or about March 31 2006, the plaintiff filed the within motion in limine seeking to exclude evidence of the plaintiff's 1985 accident simply based upon the allegation that counsel for the defendant issued a subpoena to Dr. David Disanto seeking medical records and did not produce records to the plaintiff through discovery.

The defendant promptly issued a request for production to the plaintiff seeking, among other things, the plaintiff's prior medical records. Plaintiff responded that no documents were in his possession. Plaintiff identified Dr. Disanto as a prior physician who allegedly treated him for his prior injury to his back and leg. The plaintiff suggested that the defendant issue a subpoena to obtain records, as none would be produced through discovery. The plaintiff was under an Order of the Court to comply with discovery, yet

did not provide those records, along with other records that are being produced as late as April 6, 2006.

Dr. Disanto responded to the subpoena stating that he had no record of treatment of the plaintiff or his wife. No records were produced. This information was transmitted to plaintiff and it was the understanding of counsel that the plaintiff would pass the motion in limnie. Plaintiff indicated in correspondence dated April 6, 2006, that the plaintiff would pass the motion only as it relates to Dr. Disanto's records and not the "broader scope" of the motion.

Plaintiff's motion did not provide any legal basis to exclude any references or evidence to the plaintiff's prior injury to the same body parts that he now claims make him totally disabled. There is no basis, in limine, to preclude this evidence and the defendant moves that the Court deny this motion.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 6th day of April, 2006, a true copy of the within *Memorandum in support of Objection* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

Stephanie Hagman