UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY<br>Plaintiffs,<br>v.<br><br>OVERHEAD DOOR CO. OF PROVIDENCE, INC.<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. 05 049 ML |

**OBJECTION**

Now comes the defendant in connection with the above-captioned matter and hereby objects to the plaintiff's motion in limine witnesses and documents requested but not produced by defendant incident to Rule 30(b)(6) deposition Notice.

In support of this motion, Defendant relies upon the attached Memorandum of Law, the discovery record, deposition testimony and any further argument Defendant may make at the hearing.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 6th day of April, 2006, a true copy of the within *Objection* was forwarded to the above-listed attorney(s) *via* first class mail, postage prepaid.

Stephanie Hagman

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND<br>NANCY FLANNERY<br>Plaintiffs,<br>v.<br><br>OVERHEAD DOOR CO. OF<br>PROVIDENCE, INC.<br>Defendant. | : | C.A. 05 049 ML |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S OBJECTION TO PLAINTIFF'S MOTION IN LIMINE WITNESSES AND DOCUMENTS REQUESTED BUT NOT PRODUCED BY DEFENDANT INCIDENT TO A RULE 30(B) (6) DEPOSITION NOTICE**

The Defendant hereby submits this memorandum of law to the Court in support of the defendant's objection to plaintiff's motion in limine witnesses and documents requested but not produced by defendant incident to a Rule 30(b) (6) deposition notice

In this case, the plaintiff did not issue a request for production of documents to the defendant regarding any material sought, that are the subject of the plaintiff's motion in limine. The plaintiff is correct in stating, in their motion, that the plaintiff issued one (1) notice to conduct a Rule 30(b) (6) deposition of a designee of the defendant. The plaintiff attached a Schedule of Documents. The plaintiff's original notice of deposition was issued and postponed. The deposition was held in Providence, Rhode Island with the defendant's designee, Jonathan Goldman. Mr. Goldman appeared at his deposition and also brought documents with him, as were requested in the Schedule A.

Mr. Goldman testified, at length, to the plaintiff's questions, specifically in the areas outlined in the plaintiff's motion in limine, including but not limited to the work performed by the defendant, at the Viti premises on the date of the plaintiff's alleged

accident; the materials used by the defendant at the Viti premises, including the lubricant used; as well as billing invoices and statements. Various documents were also produced at the deposition.

Mr. Goldman testified that he might have additional invoicing at his office with respect to certain other issues raised at the deposition. Mr. Goldman indicated that he would search his files and if those documents were located, he would produce them to defense counsel. Additionally, Mr. Goldman indicated that he may have an ingredient list or the like with respect to the lubricant used. He testified that if that material was in his possession, he would produce it to defense counsel. Defense counsel states that Mr. Goldman did not produce any other material, other than what was produced at his deposition, to defense counsel for further production in this case.

Mr. Goldman did produce two (2) sample cans of the spray lubricant, at issue in this case. Those items have remained at defense counsel's office and were available for the plaintiff's inspection and/or copying. Defense counsel informed plaintiff's counsel, on numerous occasions, that it was not possible to photocopy the spray can label and the documents were available for his inspection.

Throughout discovery and at Mr. Goldman's deposition, additional witnesses with knowledge regarding the work performed at Viti, Inc. were identified. Additionally, these individuals were identified in the defense memorandum submitted in this case. Specifically, the defendant identified Michael Ventura, Peter Carew and Derek Treanor.

Thereafter, plaintiff did not issue additional discovery or notices of additional depositions in this case. Further, after the deposition of Mr. James Gray, who indicated that he observed the area where the plaintiff claims that he fell immediately after the

accident and stated that there was no slippery substance or lubricant on the floor in that area. The defendant was under the impression that the plaintiff was not going to pursue further discovery in this case regarding the issues outlined in the plaintiff's motion in limine.

Nevertheless, plaintiff did follow up as indicated in the motion with correspondence, asking for additional documentation and discovery after the discovery closure date in this case. Prior to the discovery closure date, the defendant issued notices to conduct the depositions of the plaintiff's physicians, Dr. Anata and Dr. Whaley. The deposition notices were issued prior to the discovery closure date, although scheduled on a date beyond the closure date. Nevertheless, counsel discussed the rescheduling of these depositions and by agreement, the depositions were suspended and did not go forward on the dates scheduled, with the apparent agreement that the doctors would be made available for depositions. Counsel for the defendant confirmed the agreement with plaintiff's counsel, in correspondence dated April 4, 2006.

One day later, counsel for the plaintiff forwarded correspondence indicating that there was essentially no agreement to continue any discovery past the date of the discovery closure deadline and that the plaintiff would not make the physicians available for their depositions as noticed. Therefore, there was no agreement between counsel to continue any discovery past the discovery closure deadline and the plaintiff did not seek to institute or press any further discovery responses from the defendant in this case.

WHEREFORE, the defendant states that there is no basis for the plaintiff's motion in limine with respect to documents requested and/or testimony requested. There is no basis under the Rule or the discovery status of this case to warrant the requested Order, whereby certain evidence would be stipulated to as requested by the plaintiff.

Defendant,
By its Attorneys,
Carrara Dayian P.C.

Daryl E. Dayian, Esq. #5023
55 Cedar Street, Suite 102
Providence, RI 02903
(401) 621-8000 (telephone)
(401) 621-8001 (facsimile)

**CERTIFICATION**

Charles A. Murray III, Esquire
Charles A. Murray, P.C.
700 Pleasant Street
New Bedford, Massachusetts 02740

I hereby certify that on the 6th day of April 2006, a true copy of the within *Memorandum of Law in Support of the Defendant's Objection to Plaintiff's Motion in Limine* was forwarded to the above-listed attorney(s) and party *via* first class mail, postage prepaid.

Stephanie Heyman