UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs | ) | |
| v. | ) | C.A. No. CA 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC. , Defendant | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE**

**FACTUAL BACKGROUND**

The defendant complains in support of its motion that neither the plaintiffs nor the Workers Compensation insurer, Beacon Mutual, have provided complete documentation for the medical charges incurred for treatment. It has been the plaintiffs' intention to introduce as medical charges the actual amounts paid by Beacon Mutual which have been quoted at $17,235.69 through April 4, 2006. Those charges are significantly less than the charges actually made by the various providers. It was not until April 4, 2006 that a ledger of those charges became available to plaintiffs' counsel which provides a detail of charges made and paid for medical services. A copy of that ledger was forwarded to defendant's counsel by facsimile today.

The defendant also complains that the plaintiffs have not produced complete medical records for the treatment received. On July 28, 2005 counsel for the plaintiffs made a request to Beacon Mutual Insurance Company for a copy of its investigative file and all medical reports, records and bills for treatment of Mr. Flannery resulting from the

accident in question. A copy of the letter making that request is attached hereto as Exhibit "1". On August 16, 2005 counsel for the defendant issued a Keeper of Records Deposition Subpoena to Beacon Mutual for its own copy of the Workers' Compensation file. After being informed that Beacon Mutual would not release the file without a HIPPA release counsel for the plaintiffs forwarded a release to Beacon Mutual by letter dated September 16, 2005, a copy of which is attached hereto as Exhibit "2".

On September 15, 2005, in response to Defendant's Requests for Production of Documents, medical records received from providers and Beacon Mutual including Saint Anne's Hospital, James Wepsic, M.D., Shields MRI, Wayne Tessier, Ph.D., Parakrama Ananta, M.D., Mathew Philips, M.D., Alexander Altschuller, M.D., and Charlton Memorial Hospital were forwarded to counsel for the defendant. In response to Request No. 15 for medical bills and expenses, it was explained that the Workers' Compensation file, which was expected to contain the billings, did not. A supplement to that production was forwarded on December 27, 2005 including a medical report from Marc A. Whaley, M.D. and records from Saint Anne's Hospital Outpatient Rehabilitation.

On September 16, 2005 a copy of the Workers' Compensation file received from Beacon Mutual by plaintiffs' counsel including voluminous medical records for treatment was forwarded to defendant's counsel. A letter to plaintiffs' counsel dated February 10, 2005 including a Notice of Lien in the amount of $13,071.64 for medical expenses was included therein, a copy of which is attached hereto as Exhibit "3".

On December 2, 2005 counsel for the defendant scheduled Keeper of Records depositions seeking the records of Doctors Altschuller and Ananta, notwithstanding the earlier production. A request to counsel for the defendant was made on December 8,

2005 for copies of those records when they were received. To date, although defendant's counsel has promised the records, plaintiffs' counsel has yet to receive them. On April 3, 2006 recent office notes for treatment of Mr. Flannery on January 5, 2006 and February 9, 2006 just received by plaintiffs' counsel were forwarded to defendant's counsel along with a complete breakdown of the medical bills for Dr. Tessier to date. On April 6, 2006 recent office notes of Dr. Tessier for treatment on February 8, 2006 and March 15,2006 and just received by plaintiffs' counsel were forwarded to defendant's counsel.

On April 4, 2006, counsel for the plaintiffs learned for the first time from Beacon Mutual that medical bills are paid by Blue Cross/Blue Shield and that the records were maintained in a separate database. A request was made for a ledger from that database which was received by plaintiffs' counsel on April 4, 2006 and forwarded to defendant's counsel on April 6, 2006. That ledger contains the actual charges made by the medical providers as well as the actual payments made by Beacon Mutual. This is the first accounting for the actual payments made by Beacon Mutual that has been made available to the plaintiffs.

**ARGUMENT**

Since the charges actually paid were only recently able to be obtained from Beacon Mutual, production at this time can hardly be found to be a default on the part of the plaintiffs requiring the preclusion of evidence on the plaintiffs' behalf, especially where the total medical expenses paid by Beacon Mutual through February 10, 2005 were made available many months ago. Furthermore, the defendant can hardly complain about the charges the plaintiffs intend to introduce into evidence which were paid through Beacon Mutual, which amount to a significant savings from the actual charges made by

the various providers. Similarly, the recent production of recent office notes for treatment just received by plaintiffs' counsel should not be found to be default requiring the preclusion of evidence on the plaintiffs' behalf.

Furthermore, it is expected that there will an agreement as to the medical records and bills for treatment to be introduced at trial and marked beforehand, and counsel for the defendant will have ample opportunity to review those records and bills prior to introduction into evidence if there is any question regarding authenticity or otherwise.

WHEREFORE, the plaintiffs respectfully request that the Motion in Limine be denied.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: April 6, 2006