UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs | ) | |
| v. | ) | C.A. No. CA 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC. , Defendant | ) | |

**PLAINTIFF'S MOTION IN LIMINE**
**(WITNESSES AND DOCUMENTS REQUESTED BUT NOT PRODUCED BY DEFENDANT INCIDENT TO A RULE 30(b)(6) DEPOSITION NOTICE)**

A deposition of the defendant Overhead Door was noticed originally for September 13, 2005 and was taken at the office of defendant's counsel by counsel for the plaintiff, after postponement, on October 21, 2005. A copy of the original deposition notice is attached hereto as Exhibit "1". The designee, Jonathan Goldman, who testified, was unable to respond to several areas of inquiry specified in the deposition notice, and in particular the following areas of inquiry:

1. The work performed by the defendant at the Viti premises on the date of the plaintiff's accident;

2. The materials used by the defendant at the Viti premises on the date of the plaintiff's accident, including but not limited to the lubricant applied by the defendant;

7. The bills, invoices, statements or other documents evidencing billing and/or payment for the services rendered by the defendant at the Viti premises on the date of the plaintiff's accident.

In addition, numerous documents referred to in Mr. Goldman's testimony were not produced.

On October 24, 2005 plaintiffs' counsel wrote to defendant's counsel outlining in detail the necessity for Overhead Door to designate additional deponents to satisfy the areas of inquiry and produce additional documents. A copy of that letter is attached hereto as Exhibit "2". No response was received from defendant's counsel.

On November 22, 2005 plaintiffs' counsel wrote a follow up letter demanding to know within seven days, the date on which the additional documents would be produced and the date on which additional Rule 30 (b)(6) designees would be made available. A copy of that correspondence is attached hereto as Exhibit "3". Once again, no response was received from defendant's counsel.

On February 24, 2006 counsel for the plaintiff forwarded a third letter seeking the identity of additional witness for Overhead Door's response to the Rule 30(b)(6) deposition notice and production of additional documents requested previously. No written response has been received to that letter, and an earlier oral promise to get dates from Overhead Door for additional witnesses to testify has never been communicated to plaintiffs' counsel. A copy of that correspondence is attached hereto as Exhibit "4".

In view of the above, the sanction of preclusion provided under Rule 37(c)(1) is appropriate and should be imposed on the defendant to; Prevent testimony from any employee of Overhead Door that contradicts the testimony of other witnesses previously deposed to the effect that the employees of Overhead Door applied a spray aerosol lubricate to the door mechanisms at Viti on November 27, 2002 including but not limited to the rollers and vertical and overhead horizontal tracks and chain drives without containing the spray and causing it to fall to the damp/wet garage floor surfaces below. Further, that overhead Door employees did not clean the spray from the surface, even after being told to do so by the head of maintenance at Viti, Inc. Further, that they be prevented from testifying that the aerosol lubricant in combination with the damp/wet floor made the surface dangerously slippery and from denying that the handwritten "Caution" note written on the work order was placed there after they were informed of Paul Flannery's accident.

Concerning the documents not produced, the sanctions available under Rule 37(b)(2) and (2)(1) are appropriate and should be imposed on Overhead door by requiring Overhead Door to admit that its personnel were trained and knowledgeable about the hazards of slip and fall in connection with the application of lubricant to garage door mechanisms, but took no action to prevent a dangerous slip and fall condition at Viti, Inc. on the day of Paul Flannery's accident. Also, that no other documents requested and not produced be

admitted into evidence at the trial of this action without the express consent of the plaintiffs' counsel after review of the same before it is offered.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: March 31, 2006