UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs<br>v.<br>OVERHEAD DOOR CO. OF PROVIDENCE, INC., Defendant | C.A. No. CA 05 049 ML<br>**NOTICE OF TAKING DEPOSITION** |

TO: Daryl E. Dayian, Esq.
Carrara Dayian P.C.
55 Cedar Street, Suite 102
Providence, RI 02903

PLEASE TAKE NOTICE that at **10:00 A.M. on Tuesday, September 13, 2005**, at the offices of **Charles A. Murray, P.C., 700 Pleasant Street, New Bedford, MA 02740** the plaintiff in this action will take the Deposition, upon oral examination of **Overhead Door Co. of Providence, Inc.**, by a person or persons to be designated by **Overhead Door Co. of Providence, Inc.** pursuant to Rule 30 (b)(6) Federal Rules of Civil Procedure, as having the most knowledge with respect to the subject matters set forth in Schedule "1" attached hereto.

The person or persons designated shall also bring the documents listed in Schedule "2" attached hereto.

This Deposition will be taken pursuant to Rule 30 (b)(6) Federal Rules of Civil Procedure before a Notary Public, in and for the Commonwealth of Massachusetts, or

before some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed.

You are invited to attend and cross-examine.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: August 5, 2005

## DEFINITIONS

A. The term "date of the plaintiff's accident" shall mean November 27, 2002.

B. The term "Viti premises" shall mean the Viti, Inc. dealership located at 975 Fish Road, Tiverton, RI.

C. The term "plaintiff's Complaint" shall mean the Complaint filed by the plaintiff in this action.

D. The term "defendant" shall include the agents, servants and employees of the defendant, or any subcontractor retained by the defendant to perform the work at the Viti premises on the date of the plaintiff's accident.

## SCHEDULE "1"

## AREAS OF INQUIRY

1. The work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

2. The materials used by the defendant at the Viti premises on the date of the plaintiff's accident, including but not limited to the lubricant applied by the defendant.

3. The properties and/or characteristics of the lubricant applied by the defendant at the Viti premises on the date of the plaintiff's accident.

4. The protocols, policies, procedures, instructions and/or guidelines or the like pertaining to maintenance work performed on overhead doors by the defendant at any time prior to the plaintiff's accident.

5. The investigation, if any, performed by the defendant as a result of the plaintiff's accident.

6. The statements, if any, taken from the witnesses to the plaintiff's accident or witnesses to the work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

7. The bills, invoices, statements or other documents evidencing billing and/or payment for the services rendered by the defendant at the Viti premises on the date of the plaintiff's accident.

8. The contract or agreement, if any, between Viti and the defendant pursuant to which work was performed on the Viti premises on the date of the plaintiff's accident and the terms of the same.

9. Industry standards or State or Federal standards or regulations regulating the work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

10. The identity of the defendant's employees who worked at the Viti premises on the date of the plaintiff's accident.

11. Documents that identify the contents of vehicles dispatched by the defendant for maintenance and repair work, including but not limited to an inventory of tools, parts and other content items available for use by the defendant in the course of maintenance and repair work.

12. The documents requested pursuant to Schedule "2" hereof.

**SCHEDULE "2"**

"Document" shall mean the original, all non-identical copies and all drafts of any book, pamphlet, letter or other form of correspondence, telegram, telex, cable, e-mail, report, study, memorandum, note, diary entries, telephone message, form, chart, drawing, agreement, contract, summary, financial record or other verbal, numerical or pictorial recording, whether printed, typed, handwritten, or drawn recorded on film or tape or within any data processing system, or recorded by any other means. If any document sought by these requests has been destroyed (and no copy exists), kindly identify the date of destruction, the person responsible for ordering destruction, and the purpose of destruction.

This request is to include all after-acquired documents of the type described.

If any request is objected to on the ground that it is privileged or otherwise not subject to discovery, or if any requested document is withheld for any other reason, kindly state as to each such document the following: (a) its date; (b) each author or addressor of the document; (c) each recipient or addressee of the document; (d) a brief description of the document; (e) the last known location of each original, duplicate original or reproduction thereof, and the identity of the person in whose possession, custody or control it then was; and (f) the specific grounds or reasons asserted for withholding such document.

**DOCUMENTS REQUESTED**

1. Any and all protocols, policies, procedures, instructions and/or guidelines or the like pertaining to maintenance work performed on overhead doors by the defendant at any time prior to the plaintiff's accident.

2. Any and all protocols, policies, procedures, instructions and/or guidelines or the like pertaining to maintenance work performed on overhead doors by the defendant at any time subsequent to the plaintiff's accident.

3. Any and all bills, invoices, statements or other documents evidencing billing and/or payment for the services rendered by the defendant at the Viti premises on the date of the plaintiff's accident.

4. Any and all bills, invoices, statements or other documents evidencing billing and/or payment for any services rendered by the defendant at the Viti premises within one month following the date of the plaintiff's accident.

5. Any and all documents reflecting the identification and characteristics of the lubricant used and/or applied at the Viti premises on the date of the plaintiff's accident, including but not limited to any material data safety sheets for said lubricant.

6. Any and all statements taken from the witnesses to the plaintiff's accident or witnesses to the work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

7. Any and all photographs showing the work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

8. Any and all photographs showing any work performed by the defendant at the Viti premises or the area where work was performed by the defendant on the date of the plaintiff's accident, taken at any time after the date of the plaintiff's accident.

9. Any and all diagrams or other pictorial representations showing the work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

10. Any and all diagrams or other pictorial representations showing any work performed by the defendant at the Viti premises or the area where work was performed by the defendant on the date of the plaintiff's accident, taken at any time after the date of the plaintiff's accident.

11. Any and all industry standards or State or Federal regulations regulating the work performed by the defendant at the Viti premises on the date of the plaintiff's accident.

12. Any and all insurance agreements, indemnity agreements or like documents that provide coverage or indemnity to the defendant for the allegations contained in the plaintiff's Complaint.

13. Any and all contracts or agreements between Viti and the defendant pursuant to which work was performed on the Viti premises on the date of the plaintiff's accident.

14. Any and all documents that identify the employees of the defendant who performed work at the Viti premises on the date of the plaintiff's accident including the work experience of such employees pertinent to the work performed.

15. Any and all documents that identify the contents of vehicles dispatched by the defendant for maintenance and repair work, including but not limited to an inventory of tools, parts and other content items available for use by the defendant in the course of maintenance and repair work.