October 24, 2005

Daryl E. Dayian, Esq.
Carrara Dayian P.C.
55 Cedar Street, Suite 102
Providence, RI 02903

Re: Paul Flannery, et al.
v. Overhead Door Co. of Providence, Inc.

Dear Attorney Dayian:

Enclosed herewith are copies of Deposition Exhibits "1" through "5" inclusive for the Deposition of Overhead Door taken at your offices on October 21, 2005.

At the above deposition, Jonathan Goldman, the designee of Overhead Door was not able to respond to areas of inquiry numbered 1, 2 and 7 (as to the content of the documentation). It appears that the proper person to have been designated as to those areas of inquiry would be either Michael Ventura or Peter Carew. Of those persons, the best designee would be the person who made the entries on the Work Order marked Exhibit "2A" including the Job Cost Record marked Exhibit "2A-1". I would like to resume the deposition of Overhead Door with one or more additional designees as outlined above. Please consider this letter an attempt to resolve any dispute with respect to discovery that may arise in connection with the Rule 30(b)(6) Deposition Notice to Overhead Door, by contacting me and letting me know whether you will voluntarily produce the individuals referenced herein.

In addition, there were a number of documents and things that Mr. Goldman referred to in his testimony that were not produced in response to Scheduled "2" of the Deposition Notice entitled "Documents Requested". Among those are the following: The MSDS sheets for both lubricants, Slipit aerosol and Fehr Lubricant aerosol mentioned by the witness at the deposition; a can of each of the above products or, at minimum, a complete copy of the label and instructions for use printed thereon by Xerox copy or other method of reproduction; the training materials kept by the witness in his file drawer including continuing education materials from seminars and courses given by Overhead Door Corporation of Dallas, Texas, and other organization including the International Door Dealers Association (IDA) (As to these documents I am willing to visit Overhead Door to peruse the file drawer rather than have the entire set of documents copied. Please let me know when such a visit can be arranged.); the documents

responsive to Requests Numbered 1 and 2 which Mr. Goldman stated he would seek to obtain; the reverse sides, if any, of all of the documents included in Exhibit "2" and especially the reverse of the work orders marked as Exhibits "2C" and "4A"; any documents reflecting the investigation by Overhead Door including statements or communications with witnesses that might be in the so-called "miscellaneous file" in Mr. Goldman's desk; the safety training instructions concerning slip hazards and good housekeeping from the Rhode Island Builders Association used by the witness to conduct tool box safety meetings at Overhead Door; any training manuals used to train service technicians in the performance of their work, including but not limited to performing preventative maintenance on overhead type doors; such other documents that witness indicated he would seek to locate and forward to your office.

Very truly yours,

CHARLES A. MURRAY, P.C.

By: Charles A. Murray, III

CAM/smf
Enclosures