November 22, 2005

**BY FACSIMILE AND REGULAR MAIL**

Daryl E. Dayian, Esq.
Carrara Dayian P.C.
55 Cedar Street, Suite 102
Providence, RI 02903

Re: Paul Flannery, et al.
v. Overhead Door Co. of Providence, Inc.

Dear Attorney Dayian:

It has been more than a month since the Rule 30(b)6) deposition of Overhead Door was taken at your office for the convenience of Overhead Door, and almost a month since my letter to you requesting additional documentation not produced at the deposition in accordance with the Rule 30(b)(6) Notice of Deposition and otherwise.

Please consider this letter the initiation of a conference in an effort to resolve discovery disputes regarding the above documents.

As you are aware, we are under a short timetable for discovery in this case, and receipt of those documents by me is necessary to the preparation and presentation of the plaintiff's case.

In addition, as referenced in my earlier letter, I understood that you would be producing one or more of the employees of Overhead Door who actually performed work at Viti on November 27, 2002, since Mr. Goldman was unable to answer questions in a number of the categories specified as areas of inquiry under the deposition notice.

I understood from our conversation during the week before the depositions of the plaintiffs, Bill Davies and Troy Balfour were taken, that you would arrange to have the additional Rule 30(b)(6) deponents present at your office on Friday, November 18th. That did not occur, and my secretary informs that me when asked about the scheduling, you replied that you were "still waiting to hear from your client" or words to that effect.

I have gone out of my way in this case to accommodate you and your client, first, by having the deposition of Overhead Door taken at your office; second, by assisting you in securing the attendance of Bill Davies for examination; and third, in arranging for the deposition of Troy Balfour at your office on the same day. It appears that I am not receiving the same cooperation from your office.

In view of the above, I demand to know, within seven days from the date of this letter (1) the date on which you will produce the documents and things specified in my letter of October 24, 2005; (2) the date on which you will produce the remaining Overhead Door Rule 30(b)(6) deponents at my office for deposition.

Very truly yours,

CHARLES A. MURRAY, P.C.

By: Charles A. Murray, III

CAM/smf
cc: William Gately, Jr., Esq.