UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs | ) | |
| v. | ) | C.A. No. CA 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC., Defendant | ) | |

## PLAINTIFFS' MOTION FOR SEPARATE TRIALS

Plaintiffs moves this Honorable Court to sever the issues of liability and damages at the trial of this action, since severance would promote convenience and be conducive to expedition and economy for the reasons set forth in the Memorandum submitted herewith.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

William J. Gately, Jr. (CAM)
William J. Gately, Jr., Esq.
260 West Exchange Center, Room 208
Providence, RI 02903
Bar No. 3270

Charles A. Murray
By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: April 10, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PAUL FLANNERY AND NANCY FLANNERY, Plaintiffs ) | |
| v. ) | C.A. No. CA 05 049 ML |
| OVERHEAD DOOR CO. OF PROVIDENCE, INC., Defendant ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SEPARATE TRIALS**

**BACKGROUND FACTS**

This is a personal injury claim where the plaintiff Paul Flannery claims to have slipped and fallen at work with resulting back and emotional injuries. His wife, Nancy Flannery, brings asserts a consortium claim in connection with her husband's injuries.

The issue of liability is hotly contested by the defendant. There are expected to be at least six and possibly seven witnesses to testify on the issue of liability. It is the plaintiffs' position that over spray of lubricant applied by employees of Overhead Door on November 27, 2002 fell to the garage floor and, mixing with water and moisture, caused an extremely slippery condition which resulted in Paul Flannery's fall and resulting injuries.

The defendant is expected to argue either that there was no lubricant on the floor; that the fall was caused by something other than a mixture of lubricant and moisture or water on the floor; and that the plaintiff was at least partly responsible for his own injuries.

The parties have identified four expert medical witnesses as potential experts for trial. If the defendant is successful in its argument that Overhead Door was not negligent in the happening of the accident then there will be no need for a trial on the issue of damages. Separate trials on the issues of liability and damages would therefore be conducive to expedition and economy since the evidence would be truncated and, in the first trial, be limited to the issue of liability only.

If the liability case is favorable to the plaintiffs then an abbreviated trial on the issue of damages can go forward at a later time. There is also the potential that if liability is established, and any extent of comparative negligence is determined on the part of Paul Flannery, the parties may be able to resolve their differences on the issue of damages by settlement of the case.

Furthermore, as the Court is aware, counsel for the plaintiffs has a conflict on Tuesday, April 18, 2006 and following which would likely be averted if the liability case was tried first.

**CONCLUSION**

The issue of liability is hotly contested in this case and the defendant is expected to claim that Paul Flannery was at least, in part, responsible for his own injuries. There are expected to be numerous witnesses who will testify concerning the liability aspects of the claim whereas the witnesses who will testify on the issue of damages are fewer. Judicial economy would be served by having a trial on the liability aspects of the claim first. If liability is established and the extent of comparative negligence, if any, on the part of Paul Flannery is determined, the parties may be able to resolve the issue of damages by settlement. If the liability claim is defeated by the jury's findings, then no damage evidence will be necessary. If liability is established in Paul Flannery's favor

then a separate trial on the issue of damages can be held at a later time which will avoid a conflict on the part of plaintiffs' counsel.

Respectfully Submitted,

CHARLES A. MURRAY, P.C.

William J. Gately, Jr. (CAM)

William J. Gately, Jr., Esq.
260 West Exchange Center, Room 208
Providence, RI 02903
Bar No. 3270

Charles A. Murray

By: Charles A. Murray, III
700 Pleasant Street
New Bedford, MA 02740
(508) 984-8500
BBO#: 364240

Dated: April 10, 2006